**UNITED STATES of America,**
**Appellant,**

v.

**Michael GLENN, a minor, by and through his guardian ad litem, Ida Mae Glenn, Appellee.**

**No. 14860.**

United States Court of Appeals Ninth Circuit.

March 20, 1956.

Rehearing Denied May 25, 1956.

Stephens, Circuit Judge, dissented.

Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Marcus A. Rowden, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellant.

Leonard G. Ratner, Samuel A. Rosenthal, Norman Warren Alschuler, Los Angeles, Cal., for appellee.

Before STEPHENS, ORR and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

Michael Glenn was injured at birth when he was born on December 5, 1949, at the United States Naval Air Station Hospital at Seattle, Washington. Someone was careless. He was dropped on the floor, suffered a head injury and apparently will bear the burden of the injury for life.

On November 12, 1953, the minor by his mother as guardian, sued the United States under the Federal Tort Claims Act.[1] In the lapse of four years, witnesses had scattered and records had become sparse. The plaintiff's guardian was hard put to prove her ward's case and the government seems to have been in no position to find witnesses to make a good defense. In this situation the parties stipulated to a judgment for $7,500 against the United States if the plaintiff could survive the government's defense of the statute of limitations.

The limitations provision involved is found in 28 U.S.C.A. § 2401 as follows:

"Time for commencing action against the United States

"(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $1,000, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $1,000 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

The question is whether 28 U.S.C.A. § 2401(b) is qualified by the second sentence of 2401(a) or does that sentence only qualify the first sentence of 2401 (a), the sentence, to repeat, being as follows:

"The action of any person under legal disability or beyond the seas

---

1. Originally enacted in 1946, 60 Stat. 842. See 28 U.S.C.A. § 2671 et seq.

at the time the claim accrues may be commenced within three years after the disability ceases."

The district court in a very able and scholarly opinion held the sentence to sweep up and down, or backward and forward.[2] Therefore, it ruled that plaintiff's claim filed almost four years after the event of the injury was not barred. The thesis of the trial judge was that the meaning of the statute, i.e. running both ways, was so clear that examination of legislative history of Section 2401 was foreclosed.

If the meaning of the section was as clear as the district court thought, then the conclusion of tolling is possible. But this court takes a different view. The decision of the district judge does not give proper weight to sentence arrangement, paragraphing and numbering. If one is restricted to reading the section alone, this court is more inclined to the view that it is clear, due to arrangement of everything within the section, that there is no license to carry the tolling sentence in (a) out of (a) over into (b). The trial court's construction would read the section as if the second sentence of (a) were taken out of context and set up as (c) following (b).

This court does not choose to place its decision on the ground that it is clear beyond argument that (b) is not qualified by the tolling sentence (a). But it is here held that it is not clear that the sentence in (a) qualified the limitation on tort claims set forth in (b).

In this situation, one must look and sniff for Congressional footprints around the statute. The Congressional history must be examined. When that is done, it seems certain that the government's position is correct here.

The subject section is a revision adopted by the Congress in 1948.[3] Section (a), with modification and condensation, comes out of the Tucker Act,[4] (cases not involving tort).

Section (b) goes back to the Federal Tort Claims Act, which started with a built-in limitation of one year, without express qualification for legal disability. Later the limitation of one year was extended to two years and again without tolling words to cover disabilities.[5]

Certainly there is no presumption that by a revision which lifts two limitation clauses out of respective context, rewords them a little and sets them down with separate sub-lettering in a separate limitations section, that the whole of the two were intended to be commingled. Here, there is just no clear interdependence.

There is no committee report and no Congressional colloquy or debate that sustains the position of plaintiff-appellee. Likewise, the reviser's notes which purported to pinpoint substantial changes in the judicial code are silent on any intent to have any tolling provision wash into the Federal Tort Claims Act.[6] Therefore, this court holds that 2401(a) and (b) were primarily a codification of existing law and that any changes are within the sub-sections. The sub-sections are mutually exclusive.

The government voices a strong argument for the desirability of a short limitation on tort claims. In this case, there is found some grist for the argument. Here, as with many personal injuries, a long delay will deprive the government of a decent chance to defend. It is said that contract claims of the Tucker Act are easier to defend. But all this is a policy for the Congress.

▌ Nonetheless, it might not be amiss, if in this court's opinion, this were an evenly balanced case, to take into consideration that historically legislative bodies in waiving sovereign immunity have done so timidly, not venture-

---

2. Glenn v. United States, D.C., 129 F. Supp. 914.

3. 62 Stat. 971. In 1949, the one year limitation of 2401(b) was changed to two years. See 63 Stat. 62.

4. Adopted 1887, 24 Stat. 505. Amended 1911, 36 Stat. 1093.

5. 60 Stat. 842, 63 Stat. 62.

6. 1949 U.S.Cong.Service p. 1248 notes follow. 28 U.S.C.A. § 2401, et seq.

somely. The waivers are usually highly circumscribed and an intent to broaden the circle is not to be lightly found.

▆ The holding is that not yet does the disability provision of 2401(a) reach into 2401(b), the limitations sub-section for Federal Tort Claims.

The judgment is reversed.

STEPHENS, Circuit Judge (dissenting).

I do not find myself able to concur in the majority opinion that the trial court committed clear error in holding the disability clause of subdivision (a) inapplicable to subdivision (b) of § 2401, Title 28 U.S.C.A.

The revisors of Title 28 of the United States Code undertook to eliminate repetitions and conflicting sections of the code and to that end, sections pertaining to specific factual situations were replaced by sections applying more generally. The subject of limitations was treated under this principle. Thus, they encircled "Every civil action commenced against the United States" by the limitation of six years to begin action. Of course, the revisors were well cognizant of the doctrine that a person with a cause of action should not be deprived of his cause by a limitation running while he could not act. Appropriately, then in the same paragraph which contains the limitation, the revisors diluted the full effect of the limitation by providing that it would not run during the period of the disability and providing, not the full six years after the disability had been removed, but just half that time.

But it was thought that tort claims against the government were of such a nature as to merit different treatment, and paragraph (b) became a part of the section providing for different limitations, but it did not touch the subject of disability.

I do not read section 2401 as a whole, as completely shutting those under disability from the right to recover compensation for the government's wrong and I do not believe Congress, or the revisors, intended that result.

It was argued that the view I have expressed would lead to an illogical result whereby the one suffering from a disability preventing him from instituting action would have three years after removal of the disability, which is longer than the period others would have to sue. But such result may well be very logical. One recovering from a disability may be under greater handicap in learning as to his rights or in assembling proof with the burden he must bear, than one who is free to act immediately after the injury.

Looking at the problem as a whole, it seems to me, as it seemed to the trial judge, that the plain wording and context of the section supports and requires the holding that one suffering injury by the government's negligence is not deprived of his day in court because, for a specified time, he could not ask for it.