**Lewis SIMON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16504.**

United States Court of Appeals
Fifth Circuit.

May 17, 1957.

Sanders, Thurmond & Hester, Carl E. Sanders, Augusta, Ga., for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal presents a single question for decision. It is whether, filed October 12, 1956, under the Federal Tort Claims Act, for damages sustained in an automobile collision on October 19, 1951, the action was filed too late.

The claim was that: though Section 2401(b) [1] of Title 28, conditions the consent of the United States to be sued in tort upon the bringing of the action within two years after the claim accrued, plaintiff was upon its accrual and until

---

1. "(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, * *".

June, 1954, continued to be, under the disability of minority; and that under Sec. 2401(a) [2] he had three years after it was removed to bring the suit.

The United States moved to dismiss the action because the complaint, showing on its face that it was not brought within the two years provided in Sec. 2401(b), fails to state a recoverable claim. The motion was granted, and the suit was dismissed.

Appealing from the judgment, appellant, conceding that *prior to the 1948 codification*, the consent to sue in tort was limited to two years, urges upon us: that by and because of the codification, the disability provisions of Sec. 2401(a) were intended to, and must be, read into the consent to sue in tort; and that the judgment was wrong and must be reversed.

In support of his position, appellant, arguing for a liberal interpretation of the Federal Tort Claims Act and urging upon us the general considerations of public policy which underlie tolling provisions, cites in support of his view an opinion of the District Court for the Southern District of California, Glenn v. United States, 129 F.Supp. 914, reversed in United States v. Glenn, 9 Cir., 231 F.2d 884.

On its part, the United States, invoking the settled law that exceptions to the operation of a statute of limitations which toll its running in favor of persons under disability are to be strictly construed and never extended beyond their plain import, cites Chuchuru v. Chutchurru, 10 Cir., 185 F.2d 62, and Hobby v. Hodges, 10 Cir., 215 F.2d 754, 755.[3]

In addition, it calls attention to the established rule that Congress has the power to say when and where the sovereign will be sued, and when such consent is given the courts are confined to the letter of the statute.

■ In full agreement with the position of the United States, we think it clear that appellant's insistence is in direct conflict with the fundamental principle of law controlling here, that when, as in the Federal Tort Claims Act, the sovereign, by statute creating a cause of action and consenting to be sued upon it, makes it clear that the consent of the United States to be sued in tort is conditioned upon the suit's being filed within the time fixed in the Act and not otherwise, exact compliance with the terms of consent is a condition precedent to suit.

That this is hornbook law, a reference to 34 Am.Jur. "Limitation of Actions", Sec. 7, "Qualifications Annexed to Right of Action" will show:

*"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute*

2. "(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases."

3. Cf. 34 Am.Jur. "Limitation of Actions" Sec. 186, pp. 150, 151, where it is said: "It has been held that the courts in construing a special statute of limitation will not read another statute into it and thus incorporate exceptions not contained therein, or give it any new or unusual interpretation." and the last paragraph of Section 187 at p. 152, where it is said:

"In regard to implied exceptions to limitation statutes, a distinction is to be observed between limitation provisions contained in a statute which creates the liability and the right of action where none existed before, and general statutes of limitation prescribing the time for bringing action to enforce rights existing under other statutes or under the common law. In the former, the limitation of time is a limitation of the right, and no exceptions thereto are implied; a suit cannot be maintained on the cause of action created if not brought within the time limited, even though there may exist facts or circumstances such as might effect an extension of an ordinary statute of limitations."

which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. *It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right.* Such a provision will control, no matter in what form the action is brought. *The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability.* \* \* \*" (Emphasis supplied.)

to which the 1956 Cumulative Supplement has added at the end of the section the following:

"*Generally speaking the time requirement prescribed by a statute granting the right to sue the United States or a state is construed as a condition or qualification of the right; such a provision is in other words jurisdictional rather than a mere statute of limitations.*" citing many cases, including U[nited] S[tates] v. Chicago Golf Club [7 Cir.], 84 F.2d 914, 106 A.L.R. 209. (Emphasis supplied.) [4]

In point also is Section 16 at page 26, where it is said:

"*Inasmuch as the United States is immune from suit, in its own courts or in any other, without its consent and permission, it is compe-*tent for Congress to limit its liability not only in respect of specified causes of action, but by imposing prescribed periods within which suit must be brought against the United States. In the exercise of this authority, Congress has in many instances prescribed periods within which specified actions must be brought against the United States.* \* \* \*" (Emphasis supplied.)

In this view, that each enabling statute, evidencing a consent to be sued and fixing the time for suing, is not a statute of limitation but a statute granting for a limited time the right of action afforded, all the conjecture, all the labored discussion, in Glenn v. United States, 129 F.Supp. 914, as to the effect of the 1948 codification placing Sections 2401(a) and 2401(b) in immediate conjunction, is seen to be entirely inapposite and without point.

Finally, if the statute in question should be construed as a statute of limitations, the same thing would be true of appellant's contentions and arguments that the Federal Tort Claims Act should be liberally construed so as to read into it exceptions, for disability, to its operation. For, as stated in 34 Am.Jur., Sec. 186, pages 150, 151:

"\* \* \* it is now conceded that they will not, as a general rule, read into statutes of limitation an exception which has not been embodied therein, however reasonable such exception may seem, even though the exception would be an equitable one. The statute of limitations is considered as intended to embrace all causes of action not specially exempted from its operation, and it should not be so construed as to defeat that object. Also, it is a general rule that where the legislature has not seen fit to except a particular person or

---

4. Cf. Carpenter v. United States, 2 Cir., 56 F.2d 828, 829, where it is said:
"The right to sue created by the statute under which the action was brought contains a time limit of six years, which is a condition upon the right created.

Unlike a statute of limitations, it need not be pleaded in defense." Citing cases. "\* \* \* The plaintiff therefore had no cause of action against the United States in 1929."

706

class of persons from the operation of such statutes, the courts will not assume the right to do so. \* \* \* It has been held that the courts in construing a special statute of limitation will not read another statute into it and thus incorporate exceptions not contained therein, or give it any new or unusual interpretation."

The judgment was right, and it is affirmed.