Clement FINN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 17177.

United States District Court
E. D. New York.

July 12, 1957.

Leonard P. Moore, U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., by Alfred Sawan, Asst. U. S. Atty., Brooklyn, N. Y., for the motion.

Irving Levine, New York City, for plaintiff, in opposition.

BYERS, District Judge.

This is a defendant's motion to dismiss the complaint under Rule 12(b)(6), Fed.Rules Civ.Proc. 28 U.S.C. in a federal tort claims case, in which it appears that the plaintiff asserts that on July 15, 1954 he was injured by a U. S. mail truck.

He was then over 19 years of age, and the action was begun by complaint filed March 14, 1957, which was within one year after he became of age.

The narrow question for decision is whether Title 28 U.S.C. § 2401, subd. (b) has barred the plaintiff's claim for relief because the action was not begun within two years after the accrual of the alleged cause.

The plaintiff argues that Subdivision (a) of the same section, which provides for a three-year period for starting a civil action against the United States, should be deemed to apply to a tort claim against the United States, which is the subject-matter of Subdivision (b).

The opening sentence of the latter is:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

The subject has been expounded, pro and con, in United States v. Glenn, 9 Cir., 231 F.2d 884, reversing the decision which was in favor of the present plaintiff's contention reported in D.C. 129 F. Supp. 914. The Court of Appeals for the Ninth Circuit divided two to one, and the conflicting views are so adequately presented in the reports of the case in the District Court and in the Court of Appeals, that nothing could here be written which would throw any light upon the opposing contentions.

That was a far more appealing case from the plaintiff's standpoint than is the present one, for this plaintiff was obviously a person who could cause a suit to be filed on his behalf if he had so chosen, through a guardian ad litem, well within the two year period prescribed by the statute.

Since the sovereign can establish the conditions under which it can be brought in court, it would seem to follow that the two year period established in Subdivision (b) is not an unreasonable condition to be imposed in the exercise of the legislative function.

One consideration not mentioned in the foregoing case is that one of the clear purposes of the Federal Tort Claims Act as stated (Title 28 U.S.C. § 1346(a) (2), (b) was to render the United States liable for personal injury

> "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Since this accident happened in the State of New York, the provisions of the Civil Practice Act, § 60, would clearly avail this plaintiff to start his action within the time that he did after attaining his majority. However, the limitation above quoted found in § 2401, Subdivision (b) must be deemed to express the Congressional purpose that to this extent the provision last above quoted must be deemed to be limited to the two year period.

However harsh this result may seem to be, the remedy lies with Congress to expressly incorporate in Subdivision (b), the purpose which is clearly shown in the second sentence of Subdivision (a).

It results that the defendant's motion must be granted.

Settle order.