**Mary Ann MORTON, by Mary Morton, her mother and next friend, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4473.**

United States District Court
E. D. Illinois.

May 25, 1960.

212

Thomas P. O'Donnell, East St. Louis, Ill., for plaintiff.

C. M. Raemer, U. S. Atty., East St. Louis, Ill., for the United States.

JUERGENS, District Judge.

Mary Ann Morton, a minor, instituted this suit by her mother and next friend.

The complaint alleges that jurisdiction is based upon the Federal Tort Claims Act, Section 2671 and 2680, Section 1346 (b), Title 28 U.S.C.A.; that the plaintiff was injured on the 5th day of June, 1957, through the negligence and carelessness of agents of the defendant.

The claim asserted arises out of alleged negligent acts of Government agents and servants, employees of the United States Post Office. As appears in the complaint, the suit was commenced on December 18, 1959, and seeks to recover for injuries received on the 5th day of June, 1957.

The defendant, United States of America, has filed its motion to dismiss the complaint for the reason that the complaint fails to state a claim upon which relief can be granted.

It is the defendant's contention that compensation for the injuries is barred by Section 2401(b), Title 28 U.S.C.A. Section 2401(b) provides in pertinent parts as follows:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, * * *"

Subsection (a) of Section 2401, Title 28 U.S.C.A., provides as follows:

"(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases."

In this cause the plaintiff is a minor and is under a disability which would seem to permit filing of the complaint at any time up to and including three years after she had reached her majority if the disability provisions of subparagraph (a) are applicable to this cause.

If the disability provisions appeared in a paragraph following subpara-

graph (b) or if the language appeared in subparagraph (b), this action would have been duly filed; however, such is not the case. The provision permitting a person under disability to file his claim after the disability ceases is limited to subparagraph (a) and in no way applies to subparagraph (b), the tort claim provision of the statute.

It is clear that the statute of limitations for tort claims is two years and the action must be brought within the time limit described or such claim is forever barred. United States v. Glenn, 9 Cir., 1956, 231 F.2d 884; Lomax v. United States, D.C.E.D.Pa.1957, 155 F. Supp. 354.

The complaint shows on its face that the injuries were suffered and the cause of action accrued more than two years before the complaint was filed.

In accordance with the above authorities the defendant's motion to dismiss the complaint for failure to state a cause of action upon which relief can be granted will be allowed.