Caroline **Caroline GRAJCZYK, Stanley C. Wilkinson, and George W. Welsh, Plaintiffs,**

**v.**

**DOUGLAS AIRCRAFT COMPANY, Inc., Defendant,**

**International Association of Machinists, AFL–CIO, and National Labor Relations Board, Intervenors.**
**No. 62–1160.**

United States District Court
S. D. California,
Central Division.
Nov. 8, 1962.

Wright, Wright, Goldwater & Mack, Loyd Wright, Los Angeles, Cal., for plaintiffs.

Louis Lieber, Jr., William D. Craig, Paul D. Cummings, Santa Monica, Cal., for defendant Douglas Aircraft Co., Inc.

Rose, Klein & Marias, Los Angeles, Cal., for intervenor Internat. Assn. of Machinists, AFL–CIO.

Daniel Harrington, Los Angeles, Cal., Solomon Hirsh, Washington, D. C., for intervenor N. L. R. B.

Arnold, Smith & Schwartz, Los Angeles, Cal., for amicus curiae United Automobile Workers.

CURTIS, District Judge.

A collective bargaining agreement between the defendant, Douglas Aircraft Company, Inc., and the intervenor, In-

ternational Association of Machinists, contained an "agency shop" provision requiring all non-union employees, as a condition for continued employment, to pay to the Union a "service fee" equivalent in amount to Union membership dues. This agreement further provided that these employees could pay this fee directly to the Union or, upon their written authorization, the Company would deduct it from their wages and pay it to the Union.

Plaintiffs, being non-union employees, bring this class suit on behalf of themselves and all other non-union employees. The Union and the National Labor Relations Board have both been permitted to intervene and both have filed motions to dismiss, which, together with defendants' second and third defenses now before the court for preliminary determination, challenge plaintiffs' complaint on the grounds:

(1) that the court does not have jurisdiction of the subject matter of Count I, and

(2) that Count II does not set forth a claim upon which relief can be granted.

In Count I, plaintiffs seek a judgment declaring that their rights to refrain from participating in the activities of labor organizations, granted to them by 29 U.S.C.A. § 157, are violated by the execution and enforcement of the "agency shop" provisions and that the execution and enforcement of such provisions are unfair labor practices within the meaning of 29 U.S.C.A. § 158(a) (1) which should be enjoined.

The law is well settled that the exclusive remedy for the commission of an unfair labor practice is in proceedings originally before the National Labor Relations Board. San Diego Building Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775; Garner v. Teamsters, etc., Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546. This count, then, should be dismissed, it appearing that it relates to a subject matter over which the National Labor Relations Board has exclusive primary jurisdiction.

In Count II plaintiffs seek to enjoin enforcement of the "agency shop" provisions as a violation of 29 U.S.C.A. § 186.

29 U.S.C.A. § 186 provides (a) "It shall be unlawful for any employer * * to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

"(1) to any representative of any of his employees * * *

(2) to any labor organization * *."

(b) (1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section.

29 U.S.C.A. § 186(c) provides for several exceptions. The only one which is material to our present discussion is § 186(c) (4), which excepts from the prohibition of the section " * * * money deducted from the wages of employees in payment of membership dues in a labor organization: *Provided*, That the employer has received from each employee, on whose account such deductions are made, a written assignment * * *."

Plaintiff argues that since "service fees" are not "membership dues" any agreement on the part of the company to pay, as well as any agreement on the part of the union to receive them, is a violation of this section, even though the employee has executed a written assignment.

It would appear that this court has jurisdiction of the subject matter set forth in this count as 29 U.S.C.A. § 186 (e) provides: "The district courts of the United States * * * shall have jurisdiction, for cause shown * * * to restrain violations of this section * *."

We agree with the contention made on behalf of the defendants that for the purposes of this section there can be no logical or practical reason why

the exemption of "membership dues" should not be interpreted to include "service fees".

■ The prohibitions of 29 U.S.C.A. § 186 are directed to the employer and to the representative of the union and are intended to prevent bribes, extortion and other corrupt practices between these two. As to them, any distinction between "membership dues" and "service fees" is meaningless.

Furthermore, it has been held that union security cannot be withheld from an employee who tenders or pays membership dues to the union, even though he may fail to qualify in other respects as a member of the union. Union Starch and Refining Co. v. National Labor Relations Board, 7 Cir., 186 F.2d 1008, 27 A.L.R.2d 629; Radio Officers Union, etc. v. N. L. R. B., 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455. In the hands of the employer what difference can there be between monies deducted as "membership fees" from wages of an employee who is not actually a member of the union, or at most is a member in name only, and monies deducted as a "service fee" from the wages of an employee who is a non-union member? We think there can be no practical distinction between the two and that this conclusion is thoroughly consistent for the purposes of this section.

Plaintiff points out that the Kennedy-Ervin Bill introduced in the Senate in 1959, inter alia, would have broadened the exemption as provided in 29 U.S.C.A. § 186(c) (4) by excluding from the prohibition of the section "money deducted from the wages of employees in payment of membership dues in *or other periodic payments to* a labor organization *in lieu thereof*" provided there were written assignments (emphasis added).

Since this amendment would have specifically authorized a checkoff of payments under an "agency shop" contract and since Congress rejected this language, plaintiffs argue that Congress clearly intended that the only legal checkoff permitted under 29 U.S.C.A. § 186 was of "membership dues" in a labor organization and that the checkoff of periodic payments to such organization or monies in lieu of membership dues was not thereby permitted. But the amendment was rejected for quite a different reason. Judge Ross in the case of Amalgamated Association of Street, Electric Railway and Motor Coach Employees, Division 1225 v. Las Vegas-Tonopah-Reno Stage Line, Inc., D.C., 202 F.Supp. 726 sets forth in great detail the legislative history of the Kennedy-Ervin Bill and points out that the specific authorization of a checkoff under an "agency shop" agreement was rejected upon the arguments of Senator Goldwater, and he quotes the Senator as follows: "The bill permits the checkoff of fees paid in lieu of dues to a labor union. This tacitly recognizes that the so-called agency shop is lawful. The agency shop is a device now being used in an attempt to circumvent the right-to-work laws in several states, by requiring a periodic payment to the union for its services as collective bargaining agent without requiring the employee to join the union. *Its effect, in practical terms, is exactly equivalent to what is now permitted by way of union security* under the Taft-Hartley Act, but which it was the intention of Congress to permit the States to prohibit". (Emphasis ours)

The Senator recognized that the law as it now stands in practical effect permits a checkoff under an "agency shop" agreement when the "agency shop" has not been outlawed by the state. But he objected to the proposed amendment lest it appear to give Federal sanction to the "agency shop", whereas, Congress intended to preserve to the state the right to prohibit it.

■ Section 186, 29 U.S.C.A. (L.M.R.A. 302) should not be construed so as to make a crime an employer's payment or agreement to pay to a labor union monies which it holds by virtue of a written assignment from the employee from whose wages the money has been

deducted and where the employee has expressly authorized and directed the employer to pay it to the union.

Whether or not the agreement by which this payroll deduction is brought about is an unfair labor practice or otherwise unlawful is quite a different question and one which we leave to the National Labor Relations Board.

The motion to dismiss plaintiffs' second cause of action will be granted upon the ground that it fails to state a claim upon which relief can be granted.