Donald G. HEINEMAN, David Dyer, Violet I. Enlow, Vera Bloomstadt, Pasco B. Roberts, Lillian B. Kinsey, Charlotte K. Wright, Marcia Huff, J. C. Goates, Eathelene R. Woodington, Mollye E. Marshall, Margaret G. Hart, Marianne Cleveland, Velda Talley, Lucile S. Youderin, Plaintiffs,

v.

DOUGLAS AIRCRAFT COMPANY, Inc., a Corporation, International Association of Machinists, Local No. 720, and United Automobile Workers, Local No. 148, Defendants,

National Labor Relations Board, Intervenor.

No. 62-1330.

United States District Court
S. D. California,
Central Division.

Nov. 8, 1962.

Wright, Wright, Goldwater & Mack, Loyd Wright, Augustus F. Mack, Jr., John H. Rice, Los Angeles, Cal., John L. Kilcullen and Whiteford S. Blakeney, Charlotte, N. C., for plaintiffs.

Louis Lieber, Jr., James T. McMillan, W. D. Craig, and Paul D. Cummings, Santa Monica, Cal., for defendants Douglas Aircraft Co., Inc.

Rose, Klein & Marias, A. M. Klein, Los Angeles, Cal., for defendants International Association of Machinists, Local No. 720.

Arnold, Smith & Schwartz, George L. Arnold, Los Angeles, Cal., Joseph L. Rauh, Jr., Rauh & Silard, Washington, D. C., for defendants United Automobile Workers.

Daniel Harrington, Milo V. Price, Los Angeles, Cal., Solomon Hirsh, Washington, D. C., for intervenors N. L. R. B.

CURTIS, District Judge.

This case comes before this court on the defendants' motions to dismiss.

Defendant, Douglas Aircraft Corporation, entered into a collective bargaining agreement with the defendant, International Association of Machinists, Local No. 720, as exclusive bargaining agent for the employees at the defendant's plant at Torrance, California, and has entered into a similar agreement with the defendant, United Automobile Workers, Local No. 184, exclusive bargaining agent for the employees at defendant's plant located at Long Beach, California. These agreements contain "agency shop" provisions requiring all non-union employees of the company, as a condition for their employment, to pay to the Union a "service fee" equivalent in amount to union membership dues and further provide that the employees may pay the fee directly to the Union or upon their written authorization the Company agrees to deduct it from their wages and pay it to the Union.

Plaintiffs are non-union employees of the defendant company, some of whom being employed at the Torrance plant and some at the Long Beach plant. They bring this action, suing in Count I thereof for themselves and as members of a class, consisting of other non-union members, and in Count II thereof they sue on their own behalf, only.

In Count I plaintiffs seek a declaratory judgment, which, according to the prayer in the amended complaint, would hold that the plaintiffs "have a statutory right guaranteed to them under the provisions of Section 302 of the Labor Management Relations Act, as Amended (29 U.S.C.A. Section 186) to refrain from paying to Defendant IAM Union or to Defendant UAW * * * any monies, directly or indirectly, through a payroll check-off, and that any so-called 'agency shop' provision included in any collective bargaining agreement by and between Defend-

ant Douglas Aircraft and any labor union which purports to make the payment through a payroll check-off of a 'service fee' to said labor union by Plaintiffs * * * a condition of their continued employment with the Defendant Douglas Aircraft is illegal and unenforceable."

■ Section 302 L.M.R.A. (29 U.S.C.A. § 186) is a penal section, which prohibits an employer from making certain payments to a union representing its employees. It provides a penalty therefor and reserves to the United States District Court jurisdiction "for good cause shown" to enjoin any such unlawful payment. This section does not purport to grant, or affect in any way, any rights of employees, nor does it relate to any subject matter of the nature which the plaintiffs here seek to have defined and declared. The rights which the plaintiffs here seek to enforce, as appears from their prayer, are the rights and privileges provided employees by L.M.R.A. 7 and 8 (29 U.S.C.A. §§ 157 and 158). These sections deal with employees' rights to join or refrain from joining labor unions and a host of other related privileges, and describe those acts which constitute unfair labor practices. As we have pointed out in the companion case (Grajczyk v. Douglas Aircraft Co., D.C., 210 F.Supp. 702), the interpretation and application of these sections are matters over which the National Labor Relations Board has exclusive primary jurisdiction (San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775; Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776 (AFL) 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546).

In Count II plaintiffs re-allege the basic facts set forth in Count I and allege further that the "service fees" which are exacted from them will become part of union funds, a portion of which have been and will be used for activities other than negotiating and administering of collective bargaining agreements and the adjustment and settlement of disputes. Such other activities consist of making monetary contributions and expenditures to bring about the election of various candidates for governmental office and defeat others, to procure enactment of certain legislation and defeat others, to promulgate various political and ideological causes and to oppose and suppress others. Plaintiffs also allege that they have no voice in these matters, are not in accord with many of such activities and protest the use of such money in this fashion.

Plaintiffs also allege that whereas the defendants declare that the "agency shop" provisions are authorized and sanctioned by L.M.R.A. § 8(a) (3), 29 U.S.C.A. § 158(a) (3), plaintiffs contend that such sections, if properly construed, do not authorize or sanction the "agency shop" provisions and, if they be so construed, they are an unwarranted infringement of plaintiffs' constitutional rights.

■ Under the Labor Management Relations Act the NLRB is vested with exclusive primary jurisdiction to interpret and administer the Act and to determine whether unfair labor practices have been committed and to provide a remedy where they have been committed. Marine Engineers Beneficial Association v. Interlake S.S. Co., 370 U.S. 173, 82 S.Ct. 1237, 8 L.Ed.2d 418; In re Green, 369 U.S. 689, 82 S.Ct. 1114, 8 L.Ed.2d 198; San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, supra; Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776 (AFL), supra.

■■ The District Courts are without jurisdiction upon the suit of private parties to determine whether unfair labor practices have been committed and to remedy by injunction, or otherwise, unfair labor practices. Born v. Laube et al., 213 F.2d 407, 15 Alaska 60 (C.A. 9) cert. denied, 348 U.S. 855, 75 S.Ct. 80, 99 L. Ed. 674. Schatte et al. v. International Alliance, etc. et al., 182 F.2d 158, (C.A. 9). MacKay et al. v. Loew's Inc. et al., 182 F.2d 170, 18 A.L.R.2d 348 (C.A. 9) cert. denied 340 U.S. 828, 71 S.Ct. 65,

95 L.Ed. 608. California Association of Employers v. Building and Construction Trades Council, etc., 178 F.2d 175 (C.A. 9).

The relief sought in Count II can only be obtained in the first instance by application to the NLRB.

Motions to dismiss plaintiffs' complaint are granted upon the ground that it does not set forth any claim upon which relief can be granted in this court.