Mark **PITTMAN**, a minor, by and through his Guardian ad litem Milan L. Pittman, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18503.

United States Court of Appeals Ninth Circuit.

Jan. 26, 1965.

Rehearing Denied April 19, 1965.

Edward B. Freed, Inglewood, Cal., for appellant.

John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Pauline B. Heller, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge.

Mark Pittman on July 13, 1959, was nine years of age. He was playing in the residential area of a Navy installation at Vallejo, California, and the driver of a Navy motor vehicle ran into him. He suffered injuries.

Suit under the Federal Tort Claims Act [1] was commenced on December 18, 1961, for the minor by his father, Milan L. Pittman. Shortly before the complaint was filed, the latter was appointed guardian ad litem by the district court.

The district court held that 28 U.S.C. § 2401(b) is applicable and dismissed the action.[2] This appeal followed.

In pertinent part § 2401(b) reads as follows:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

If the claim "accrued" on July 13, 1959, and if the foregoing is the applicable section, obviously on the face of things the action was filed too late.

But counsel for appellant argues rather eloquently that the claim could not accrue until Mark had a guardian ad litem appointed by the court to pursue his right or until he reached 21 years of age, because there was nothing he could do for himself. He says that a right without a remedy is no right at all and therefore no claim could have accrued. Such argument has considerable original merit and perhaps has been followed in some areas of the law outside the Federal Tort Claims Act. But the trouble is that the case law has piled up against Mark, United States v. Glenn, 9 Cir., 231 F.2d 884; Simon v. United States, 5 Cir., 244 F.2d 703; Carnes v. United States, 10 Cir., 186 F.2d 648; and Morton v. United States, E.D.Ill., 185 F.Supp. 211. See also Sgambati v. United States, 2 Cir., 172 F.2d 297.

█ We hold that the cause of action belonged to Mark and not his guardian ad litem, and further that the cause or claim accrued at the time of the injury, the injury being known to anyone.

Alternately, plaintiff also contends that the six year time limitation of 28 U.S.C. § 2401(a) is applicable. We dealt with that in Glenn, supra, and adhere to our ruling.

1. 60 Stat. 842.

2. 210 F.Supp. 703.

Further, plaintiff contends that roughly 40 per cent of the nation's population is under the disability of minority and that to deprive them of rights (because of the possibility that no adult will initiate proceedings) violates due process and equal protection when adults can go vindicate their own rights. We find no cases supporting such a proposition. Further, it may be assumed that it is a rather rare case with the government as an especially choice defendant where the minor's rights are not vindicated in a timely fashion. Plaintiff's argument might have more validity if there were any practical chance that 40, 30, 20, 10 or even five per cent of infants' claims would be lost because of their minority. We would be blind if we didn't know that when there is money around that just about all of the claims will get to court through guardians ad litem. We think that the concept still adheres that the Federal Tort Claims Act was a waiver of government immunity. There are decisions that say that the act should be liberally construed. We think that may be true as to what injuries are within the act. But as to time, one can see that the Congress was alarmed about stale claims when it passed the Act and provided that there should be only a period of one year during which an action could be brought. (This was later changed to two years.) This is because of the big thing that government is and because of its difficulty in meeting stale claims. This is particularly true with the military and its shifting personnel. Out of the military operations come so many of the civilian claims. We do not believe that the Congress could have intended that infants have up to 21 years for a statute of limitations.

Plaintiff thinks Muskopf v. Corning Hospital District, 55 Cal.2d 211, 11 Cal. Rptr. 89, 359 P.2d 457, should be followed. Therein the California Supreme Court struck down sovereign immunity for the State of California. We are fully aware of what plaintiff argues, but we fail to agree with his conclusion that if we should pronounce there never was any federal immunity on torts[3] that he would be in a better position. The government could still have its statute of limitations.

Plaintiff also asserts some sort of an estoppel. This was rejected by the district court. It seems that Milan L. Pittman, Mark's father, was a lieutenant commander in the United States Navy stationed at the Navy installation where the accident happened. He says that he had reached a critical stage in his Navy career where he could no longer advance by file on promotion lists but had to be selected. He wanted to be a captain and then an admiral. He dallied with Mark's claim because he feared litigation involving his own branch of the service might prejudice his advancement, the desires for which were natural. After awhile he was advanced to captain. After some months he ascertained his chances to be an admiral, lawsuit pending or not, were nil. Thus, he was emboldened to sue for Mark in December, 1961, 29 months after the injury. The alleged estoppel was this: His attorney checked with a government attorney, apparently an assistant United States attorney, as to time and other features of the case. Out of this, his attorney and he were led to believe that July 13, 1961, two years after the date of the injury, was no problem. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10, and Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, simply preclude successfully relying on a waiver of the time limitation or a mistake of the government attorney on the applicable law.

Appellant also bears down heavily on the father's earlier supposed conflict of interest which may have led him to subordinate and thus pass over the interest of the son. Again, on this argument we think the congressional intent is that the Congress just did not want stale claims

3. The court is not contemplating such a pronouncement.

lying around under the Federal Tort Claims Act. Reading Company v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835, is pertinent.

The judgment is affirmed.