**Bruce W. ROBBINS, Plaintiff-Appellant,**

v.

**The UNITED STATES of America, Defendant-Appellee.**

**No. 79–1213.**

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 20, 1979.

Decided July 8, 1980.

Lynn Pickard of Pickard & Singleton, Santa Fe, N. M., for plaintiff-appellant.

R. E. Thompson, U. S. Atty. and Charles N. Estes, Jr., Asst. U. S. Atty., Albuquerque, N. M., for defendant-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.

Bruce Robbins appeals from a summary judgment in favor of the United States. The trial court ruled that his suit under the Federal Tort Claims Act was barred by the two-year limitation period of 28 U.S.C. § 2401(b) because the claim accrued "shortly after plaintiff's injuries manifested themselves in October, 1972," and Robbins' claim was not filed until April of 1977.

Robbins contends on appeal that the district court's grant of summary judgment was erroneous because genuine issues of material fact remained with regard to whether plaintiff knew or should have known in October of 1972 (1) that a legal duty to him had been breached, and (2) that he had suffered damages as a result thereof. In determining whether the grant of summary judgment was proper, we consider the evidence and inferences in the light most favorable to Robbins. *See Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202 (10th Cir. 1977).

The essential facts of the case are not disputed. In 1972 Robbins, who was fifteen years old, developed psoriasis, a skin disease, and consulted Dr. R. Fleischmann, a physician at Loring Air Force Base where Robbins' father was stationed. In August 1972, Dr. Fleischmann prescribed the oral drug Prednisone for Robbins' condition. Robbins developed marks on the skin of his thighs, back and groin, which are called stria. In October of that year, Dr. Wexler, a dermatologist at the base, ordered Robbins to discontinue use of Prednisone. Dr. Wexler told Robbins that the stria were directly caused by the Prednisone and that, because of his young age, the drug should not have been given to him. Plaintiff was told at that time by Dr. Fleischmann and

later by other doctors that the stria might or might not go away as he grew older. In December 1976, Robbins consulted a doctor who stated that the marks might be permanent. On April 20, 1977, Robbins filed an administrative claim with the Air Force for the injury, which was denied.

If Robbins' claim accrued more than two years before he filed the administrative claim, it is barred under 28 U.S.C. § 2401(b). This statute of limitations for the Tort Claims Act provides in relevant part that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."

■ Robbins' first contention is governed by *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), wherein the Supreme Court held that a claim accrues within the meaning of § 2401(b) when a claimant knows of the existence and the cause of his injury. *Id.* 444 U.S. at 121, 100 S.Ct. at 359. The Court expressly disapproved circuit decisions holding that accrual does not occur until a claimant has knowledge that the acts causing injury might constitute medical malpractice. *Id.* Thus the question of Robbins' knowledge of a legal duty owed him or a breach of that duty is irrelevant.

■ Robbins also argues that he should not be judged by the standard of *Kubrick* because he was a minor at the time of his injury, unable to exercise the diligence of an adult. It is well established, however, that a claimant's minority does not toll the running of the statute of limitations under the Federal Tort Claims Act. *See, e. g., Smith v. United States*, 588 F.2d 1209 (8th Cir. 1978); *Pittman v. United States*, 341 F.2d 739 (9th Cir.), *cert. denied*, 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965); *United States v. Glenn*, 231 F.2d 884 (9th Cir.), *cert. denied*, 352 U.S. 926, 77 S.Ct. 223, 1 L.Ed.2d 161 (1956). *Cf. Casias v. United States*, 532 F.2d 1339 (10th Cir. 1976) (insanity does not toll running of the time period of § 2401.)

■ Robbins' second contention is that a genuine factual issue exists concerning

whether Robbins knew he had suffered an injury in October 1972. Robbins claims he lacked knowledge of the extent and ramifications of the injury. The gist of this argument is that Robbins did not know until June 1977 that the stria would be permanent. The facts of *Kubrick* did not raise the issue whether a claimant's lack of knowledge concerning the permanency of an injury tolls the statute of limitations. But this Court has recognized that a legally cognizable injury or damage begins the running of the statutory period of § 2401(b) even though the ultimate damage is unknown or unpredictable. *See Exnicious v. United States*, 563 F.2d 418, 421 (10th Cir. 1977).[1] In the instant case, Robbins was well aware of the injury and its cause shortly after it occurred. That he might have then believed the injury was only temporary is irrelevant. His claim for damages therefore accrued more than two years before he filed the required administrative complaint and is barred by 28 U.S.C. § 2401(b).

Affirmed.

---

1. As we read *Kubrick*, the Supreme Court disapproved the *Exnicious* holding only insofar as the case held that a claim does not accrue under § 2401(b) until a claimant knows the legal implications of the fact of an injury. *See* 444 U.S. at 121, 100 S.Ct. at 359 n. 8.