UNITED STATES COURT OF APPEALS

**Filed 1/2/97**

FOR THE TENTH CIRCUIT

JAMES ANDREW THOMAS,

      Plaintiff-Appellant,

v.

                      No. 96-6182
                 (D.C. No. CIV-95-1762-L)

SECRETARY OF ARMY,        (W.D. Okla.)

      Defendant-Appellee.

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from a district court order dismissing this action, brought against the Secretary of the Army in 1995 to remedy alleged misconduct dating from 1982, as time-barred. See 28 U.S.C. § 2401(a)("civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues"). See generally Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980(limitations issue may be resolved on motion to dismiss). Exercising de novo review, see Edwards v. Int'l Union, 46 F.3d 1047, 1050 (10th Cir.), cert. denied, 116 S. Ct. 60 (1995); Jarrett v. US Sprint Communications Co., 22 F.3d 256, 258 (10th Cir. 1994), we affirm for substantially the reasons stated in the district court's order of dismissal.

As a detailed account of the pertinent background is provided in plaintiff's appellate brief, and may also be found in Thomas v. Cheney, 925 F.2d 1407 (Fed. Cir. 1991), we refer only to those matters necessary to explain our disposition. Plaintiff alleges that the Department of the Army wrongfully withheld documents regarding an adverse designation of his service status effective in 1982. The district court noted that plaintiff had filed several lawsuits advancing similar or related allegations since 1985, and expressly followed the dispositive rationale of the last, Thomas v. Army, No. 94-C-739-E (N.D. Okla. Mar. 15, 1995), in dismissing the present case as time-barred.

Plaintiff attempts to excuse the patent untimeliness of this action by invoking the equitable tolling principle of fraudulent concealment. However, this excuse is not available to a tardy plaintiff who, notwithstanding the alleged concealment, had "actual []or constructive knowledge of the facts constituting his claim for relief." Clulow v. Oklahoma, 700 F.2d 1291, 1301 (10th Cir. 1983); see, e.g., Newcomb v. Ingle, 827 F.2d 675, 679 (10th Cir. 1987). Plaintiff admits knowledge of "the gravamen of the case" as of "late 1982," but insists that the full extent of the matter still is not known to him. Appellant's Opening Brief, Extra Pages at 6. Our case law makes it clear that the decisive, if partial, knowledge concededly possessed by plaintiff was sufficient for application of the statutory bar. See, e.g., Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994); Robbins v. United States, 624 F.2d 971, 972-73 (10th Cir. 1980).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Plaintiff's motion to amend his brief is granted; his motion to dismiss the appeal is denied. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge

-3-