769 F.2d 1436
 Luther WASHINGTON, Francine E. Washington, Darlene M.
Washington, Belinda J. Washington, James J.
Washington, Michael R. Washington, and
Darryl Washington, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 84-6075.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 8, 1985.
Decided Aug. 30, 1985.
 
 Jerome S. Billet, Neiman, Billet, Albala & Levine, Los Angeles, Cal., for plaintiffs-appellants.
 Shari K. Silver, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON and TANG, Circuit Judges, and SOLOMON,* District Judge.
 SOLOMON, Judge:
 
 
 1
 Appellants, Luther Washington and his six children, filed this action under the Federal Tort Claims Act against the United States for the wrongful death of Beatrice Washington. The district court held that the action was time barred and dismissed it. The Washingtons appealed.
 
 Facts
 
 2
 In September, 1967, Beatrice Washington was admitted to the Plattsburgh Air Force Base Hospital in New York for delivery of her baby. When Air Force physicians injected her with a spinal anesthetic, she went into a coma, and she remained in a coma until her death fourteen years later. She was at the Plattsburgh Hospital from 1967 until May, 1979, when she was transferred to the March Air Force Base Hospital in California. She died there on June 3, 1981.
 
 
 3
 In February, 1982, her husband and their six children filed administrative claims with the Air Force, and a year later, the Air Force approved an award of $60,000 for the whole family. On May 25, 1983, the Washingtons filed this action for $20,000,000 damages under the Federal Tort Claims Act for the wrongful death of Beatrice Washington.
 
 
 4
 The district court found that the action was time barred and dismissed it on a summary judgment motion. It applied New York law, under which a survivor can bring a wrongful death action only if the decedent had a viable personal injury action at the time of her death. The court held that Mrs. Washington did not have a viable personal injury action because her personal injury action expired two years after the date on which she lapsed into a coma.
 
 
 5
 On appeal, the Washingtons contend that the district court erred when it applied New York rather than California law to determine if they had a valid wrongful death action. They also contend that, even under New York law, the cause of action was brought within the statute of limitations period because of Mrs. Washington's coma.
 
 1. Choice of Law
 
 6
 The Federal Tort Claims Act (FTCA) provides an action for:
 
 
 7
 death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 8
 28 U.S.C. Sec. 1346(b). In Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962), the Supreme Court held that in FTCA actions, a federal court must look to the law of the place where the acts of negligence occurred. Id. at 10, 82 S.Ct. at 591. It further held that the "law of the place" required application of the conflict of law rules of that state. Id. at 14, 82 S.Ct. at 593.
 
 
 9
 Here, the negligence, if any, occurred in New York. Therefore, the conflict of law rules of New York apply. New York uses a "center of gravity" or "grouping of contacts" approach to determine which state's substantive rights govern the action. See Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).
 
 
 10
 The Washingtons were residents of New York at the time Mrs. Washington entered the hospital. The alleged negligent acts occurred in New York. The physicians and medical personnel lived and practiced in New York. The physician-patient relationship was formed in New York, and the medical personnel were required to conform to the professional standards of New York. California's only contacts with this action are that Mrs. Washington was brought to California in a coma when her husband was transferred to March Air Force Base, and she died in California.
 
 
 11
 There is sufficient evidence to find that New York was the "center of gravity" of this action, and we hold that the district court was correct in applying New York law.
 
 2. Statute of Limitations
 
 12
 Under New York's wrongful death statute, the decedent must have a valid personal injury claim at the time of death for the heirs to maintain a wrongful death action. See N.Y. Est. Powers & Trusts Law Sec. 5-4.1; Prink v. Rockefeller Center, Inc., 48 N.Y.2d 309, 315-16, 422 N.Y.S.2d 911, 398 N.E.2d 517 (1979); Myers v. United States, 162 F.Supp. 913, 914 (N.D.N.Y.1958).
 
 
 13
 The district court applied the New York wrongful death statute and held that Mrs. Washington's personal injury claim was time barred two years after she lapsed into a coma because her "personal injury claim accrued at the moment she went into a coma as a result of the injection of anesthetic...."
 
 
 14
 The FTCA provides for a two-year statute of limitations after a claim accrues. 28 U.S.C. Sec. 2401(b). The date on which a claim accrues is determined by federal law. Pittman v. United States, 341 F.2d 739 (9th Cir.), cert. denied, 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965). The Supreme Court in United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), applied the discovery rule and held that in a medical malpractice case under the FTCA, a claim accrues when the plaintiff knows of his injury and its cause. Id. at 122, 100 S.Ct. at 359. See also In Re Swine Flu Products Liability, Sanborn v. United States, 764 F.2d 637 (9th Cir.1985).
 
 
 15
 Here, the district court found that Mrs. Washington's personal injury claim accrued when she went into a coma because her husband, Luther, at that time became aware of her injury and its cause. Luther Washington's knowledge, however, is not relevant here.
 
 
 16
 The Eighth Circuit considered similar facts in Clifford by Clifford v. United States, 738 F.2d 977 (8th Cir.1984). Clifford, a twenty-four year old man, took an overdose of anti-depressant drugs which had been negligently prescribed by Veterans Administration doctors. Clifford went into a coma. Four years later, his father, as Clifford's guardian, filed an action under the FTCA. The district court held that his action was barred by the statute of limitations and granted summary judgment for the government. The Court of Appeals reversed. It applied the reasoning in Kubrick and found that as long as Clifford was in a coma, he was unaware of the existence and cause of his injuries. Id. at 979. The government had negligently caused Clifford's coma and through this negligence had prevented Clifford from knowing that he had been injured. Id. at 980. To find that the statute began to run when Clifford went into a coma would permit the government to profit from its own wrong.
 
 
 17
 The court in Clifford specifically rejected the government's argument that Clifford's family and girlfriend had a legal duty to act on the comatose victim's behalf. The court also distinguished those cases concerning infancy or mental incompetency.[1] It held that because Clifford was an emancipated adult, no one had a legal duty to act on his behalf regardless of their knowledge.
 
 
 18
 The Tenth Circuit also distinguished those cases in which the statute of limitations was not tolled for insanity or mental incompetency from those cases in which the plaintiff's capacity to realize the existence and cause of his injury resulted from the government's conduct. Zeidler v. United States, 601 F.2d 527 (10th Cir.1979). In Zeidler, the court remanded the action for the district court to determine whether Zeidler was not aware of his injuries because of the malpractice of government physicians. The government physicians had performed two frontal lobotomy operations more than twenty-five years before Zeidler's newly-appointed conservator filed an action.
 
 
 19
 In Dundon v. United States, 559 F.Supp. 469 (E.D.N.Y.1983), the District Court for the Eastern District of New York considered this issue and held that under New York law the statute of limitations was tolled during the period that a veteran was in a coma because of a government physician's conduct. See also Pardy v. United States, 575 F.Supp. 1078, 1080 (S.D.Ill.1983).
 
 
 20
 Mrs. Washington became comatose when she was given a spinal anesthetic. She was never aware of her injury or its cause. A guardian could have been appointed, but no one was appointed and no one had a legal duty to file an action on her behalf. Luther Washington's knowledge is irrelevant unless he had such a duty. See Clifford, 738 F.2d at 979. Unlike Brown v. United States, 353 F.2d 578, 580 (9th Cir.1965), and Fernandez v. United States, 673 F.2d 269, 271 (9th Cir.1982), where the parents had a legal duty to take legal action on their children's behalf because they were minors, Mrs. Washington's personal injury claim was her own. No one had the duty to bring an action on her behalf. Until her death, there was always the possibility that she could recover from the coma and could assert the claim herself.
 
 
 21
 We therefore hold that Mrs. Washington had a viable personal injury action at the time of her death. Our holding is not contrary to this court's holding in Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985), which held that principles of equity cannot be invoked to toll the statute of limitations. Here, we rest our opinion not on a tolling of the statute, but rather that under Kubrick, Mrs. Washington's cause of action did not accrue until her death.
 
 
 22
 The government asserts that regardless of fault, the Washingtons should not be able to maintain this action because of the length of time that elapsed since her injury. Neither New York nor California has a statute of ultimate repose which bars this action. We are aware of the traditional concerns about the prosecution of claims when "evidence has been lost, memories have faded, and witnesses have disappeared." Order of Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). The Washingtons, as well as the government, share this increased burden caused by the passage of time, and the Washingtons should not be prevented from maintaining this action when the government was responsible for the condition which caused the delay. See, e.g., In re Swine Flu, at 640.
 
 
 23
 Mrs. Washington had a viable personal injury action at the time of her death and the Washingtons filed their administrative claim within two years of her death; therefore the Washingtons' wrongful death action was timely under section 2401(b) of the FTCA.
 
 
 24
 The judgment of the district court is REVERSED and REMANDED for further proceedings.
 
 
 
 *
 The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 The Clifford court specifically distinguished two cases relied on by the district court here: Fernandez v. United States, 673 F.2d 269, 271 (9th Cir.1982); and Casias v. United States, 532 F.2d 1339 (10th Cir.1976)