876 F.2d 780
 Francisco ZAVALA, a minor, By and Through his Guardian ad
Litem, Rita RUIZ; Rita Ruiz, individually; Manuel Ruiz,
individually; Roberto Zavala, individually; and all as
heirs of Rosa Zavala, deceased, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-6168.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 5, 1989.
Decided June 5, 1989.
 
 William James Osborne, Los Angeles, Cal., for plaintiffs-appellants.
 D. Michael Waltz, Asst. U.S. Atty., San Diego, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before WRIGHT, FARRIS and NELSON, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 We decide here whether to toll the Federal Tort Claims Act (FTCA) two-year statute of limitation for a minor plaintiff whose father allegedly abandoned him during the limitation period.
 
 I.
 
 2
 Francisco Zavala, now nine years old, was born severely brain damaged at Camp Pendleton Naval Hospital. His father, Roberto, was a serviceman. His mother, Rosa, sought treatment at Pendleton beginning in mid-1979 for epileptic seizures. A civilian physician had told her to stop her seizure medication when she became pregnant. The Pendleton doctors knew she had stopped taking it, but failed to prescribe alternative treatment for the seizures. She sought their help on several occasions after suffering seizures, but they dismissed her complaints and sent her home.
 
 
 3
 On December 19, 1979, Rosa had a seizure and was admitted to Pendleton Hospital. While there, she suffered cardiac and respiratory arrest, and the doctors declared her brain dead. They kept her on life support systems for a week to allow Francisco to mature in utero. They delivered him on December 28 and transferred him to a civilian hospital. There, civilian doctors diagnosed him in January 1980 as severely brain damaged due to oxygen deprivation suffered prior to birth.
 
 
 4
 Since his discharge from the hospital, Francisco has lived with his maternal grandparents, Rita and Manuel Ruiz. The father, Roberto, also lived with them until April 1981. Although he did not visit the boy after he moved out, he did maintain contact with Rita. He received mail at her home, endorsed Francisco's Social Security checks so that she could cash them, and signed a consent for surgery for Francisco. He also provided insurance coverage for Francisco. On September 25, 1985, the juvenile court declared the boy an abandoned child and deprived Roberto of legal custody.
 
 
 5
 The juvenile court appointed Rita the boy's guardian ad litem on July 11, 1984. She had filed an administrative claim on his behalf on June 1, 1984. The Navy failed to make a final disposition of it, and she sued on August 1, 1985.[1]
 
 
 6
 The district court granted the government's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). It found that the failure to file an administrative claim until more than four years after the cause of action accrued deprived the court of subject matter jurisdiction. Failure to file a timely claim is a jurisdictional defect. Landreth v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 866, 102 L.Ed.2d 990 (1989). We review de novo. Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987).
 
 II.
 
 7
 In medical malpractice actions under the FTCA, a claim accrues when the claimant discovers both the injury and its probable cause. United States v. Kubrick, 444 U.S. 111, 123-25, 100 S.Ct. 352, 360-61, 62 L.Ed.2d 259 (1979). When the plaintiff is a minor, his parents' knowledge of the injuries is imputed to him. Fernandez v. United States, 673 F.2d 269, 271 (9th Cir.1982). He or his representative must present a written claim to the federal agency concerned within two years of the date the cause of action accrues. 28 U.S.C. Sec. 2401(b) (1982). He then has six months to file suit from the date the agency disallows his claim. Id.
 
 
 8
 The record shows that both Rita and Roberto became dissatisfied with Rosa's care at Pendleton in November 1979 and that they suspected a causal relationship between Rosa's untreated seizures, her respiratory arrest, and Francisco's brain damage. From this evidence, the court found Francisco's cause of action accrued no later than January 1980, and appellants do not appeal this finding.
 
 
 9
 Francisco's guardian ad litem urges this court to toll the FTCA's two-year statute of limitation from April 1981, when his father allegedly abandoned him, until September 1985, when the juvenile court deprived Roberto of custody.[2] Whether to toll the FTCA statute when a minor plaintiff's only parent has abandoned him is a question of first impression.
 
 
 10
 Parents must file a claim on behalf of an injured minor child, and this court will not second guess their decision not to do so. Landreth, 850 F.2d at 534. We have held that a child is bound by his parents' failure to file a claim, even where that failure results from a conflict of interest. Id.; Pittman v. United States, 341 F.2d 739 (9th Cir.), cert. denied, 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965).
 
 
 11
 In Landreth, an eleven-month old girl swallowed medication that her mother had left within her reach. The military hospital where her parents took her for treatment neglected to pump her stomach, and she later experienced behavioral and developmental problems from the medication. Because the mother may have been contributively negligent, the plaintiff asked that the court toll the statute until the appointment of a guardian with no conflict of interest. The court declined, finding dispositive the fact that both parents had a duty to preserve her claim. 850 F.2d at 534.
 
 
 12
 In Pittman, a Navy vehicle struck the nine-year old plaintiff. His father, a serviceman, did not file a claim for two and one-half years because he feared doing so would jeopardize his naval career. The court refused to toll the statute, noting that the FTCA represents a limited waiver of sovereign immunity and citing Congress's overriding desire to prevent stale claims. 341 F.2d at 741-42.
 
 
 13
 Following the reasoning of Landreth and Pittman, we conclude that because Roberto had a duty to act on Francisco's behalf throughout the limitation period, the statute may not be tolled. The juvenile court did not deprive Roberto of legal custody until September 25, 1985, more than three and one-half years after the statute had run. Roberto admits he knew the cause of Francisco's injuries, even before the birth. Although he did not live with his son during the last 8 months of the two-year period, he maintained contact with the child's grandmother and knew of Francisco's condition. The fact that he gave Francisco's Social Security checks to Rita and provided insurance coverage for the boy indicates he felt responsible for his welfare.[3] There is no evidence that Roberto was physically incapacitated or otherwise incapable of filing a claim. Under Pittman and Landreth, the wisdom of his decision to forfeit or neglect to file a claim is immaterial.
 
 III.
 
 14
 Courts rarely invoke equitable tolling in suits against the federal government, Crawford v. United States, 796 F.2d 924, 926 (7th Cir.1986); Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985); see Smith v. United States, 873 F.2d 218 (9th Cir.1989) (holding that the statute of limitation for the Suits in Admiralty Act, 46 App. U.S.C. Sec. 745, may not be tolled for any reason). When the suit is one for medical malpractice under the FTCA, we toll the statute only where the injured party has no one with a legal duty to file suit on his behalf and the government, either by fraudulent concealment or negligent infliction of injury, has caused the plaintiff's inability to file a timely claim. See, e.g., Herrera-Diaz v. United States, 845 F.2d 1534 (9th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 306, 102 L.Ed.2d 325 (1988); Clifford v. United States, 738 F.2d 977 (8th Cir.1984).
 
 
 15
 Appellants argue that the alleged abandonment in April 1981 deprived the child of the one person who had a legal duty to protect his interests. It is also argued on appeal, though not below, that the government's negligence caused his father's abandonment. Appellants claim that they fall within the exception to the rule against equitable tolling as applied in Washington v. United States, 769 F.2d 1436, 1439 (9th Cir.1985).
 
 
 16
 This court held in Washington that when the government's alleged negligence has caused an adult plaintiff's incapacity, we will not find that a spouse or other relative without a legal duty can protect that plaintiff's interests adequately. We suspended the FTCA statute for an adult plaintiff who remained comatose for 14 years as a result of government physicians' negligence. However, we based our holding on a finding that the plaintiff's cause of action did not accrue until her death, when the court appointed a guardian who had a legal duty to file suit. 769 F.2d at 1439.[4]
 
 
 17
 Even if Francisco's guardian ad litem had not waived the equitable tolling argument by failing to present it below, his claim would fall outside the Washington exception. Unlike the plaintiff in Washington, Francisco does not dispute the date his cause of action accrued. Rather, he asks us to suspend a statute that had already begun to run. He does not persuade us that the alleged abandonment left him unprotected, as was the comatose plaintiff in Washington. Unlike that plaintiff, Francisco had, from the moment his cause of action accrued, a parent who had both the duty to bring a claim and the knowledge necessary to pursue it.
 
 IV.
 
 18
 This court having declined to toll the statute, Francisco asks us to find that the FTCA's failure to provide for tolling in cases of abandoned minors violates his fifth amendment right to procedural due process.[5] He is correct that his right to sue under the FTCA is property protected by due process. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982) (construing fourteenth amendment). The legislature may not constitutionally authorize the deprivation of a property interest, once conferred, without appropriate procedural safeguards. Id. at 432, 102 S.Ct. at 1155. However, the fifth amendment requires only that the plaintiff have an opportunity to be heard. Id. at 428, 102 S.Ct. at 1153.
 
 
 19
 Francisco did not suffer a due process violation. He had the opportunity, through either Roberto or Rita, to file a claim within the two-year period. Both had knowledge of the cause of the injuries. Even assuming that Roberto did relinquish primary responsibility for Francisco before the expiration of the two-year period, Rita could have filed an administrative claim and prosecuted a court action on his behalf. Under the FTCA, "[t]here is no such thing as being legally incapable of filing an administrative claim." Crawford v. United States, 796 F.2d 924, 926 (7th Cir.1986). In fact, Rita filed a claim even before the court appointed her as guardian ad litem.
 
 
 20
 Once an administrative claim has been filed, one's capacity to pursue an FTCA action in federal court is governed by state law. Fed.R.Civ.P. 17(b). Under California law, a minor may not prosecute a claim through the courts without a guardian ad litem. Cal.Civ.Code Sec. 42 (West 1982); Cal.Civ.Proc.Code Sec. 372 (West 1973 & Supp.1989). However, a judgment granted in a case without a guardian would not be void, but merely voidable. White v. Renck, 108 Cal.App.3d 835, 840, 166 Cal.Rptr. 701, 704 (1980). Moreover, the federal courts have power to appoint guardians for minor plaintiffs under Fed.R.Civ.P. 17(c). These procedures safeguarded adequately Francisco's right to due process.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 If the agency to which the claim is presented fails to dispose of it within six months after it is filed, the claimant, at any time thereafter, may treat the claim as denied. 28 U.S.C. Sec. 2675(a) (1982)
 
 
 [2]
 If we were to toll the statute, we would need to do so only until June 1, 1984, when Rita stopped the running of the statute by filing an administrative claim
 
 
 [3]
 Assuming, without deciding, that abandonment would toll the statute, we note that Francisco did not present sufficient evidence of abandonment to create a jury issue
 
 
 [4]
 The Eighth Circuit so concluded in Clifford. There, the government's allegedly negligent prescription of anti-depressants rendered the 24-year-old plaintiff comatose. The court tolled the statute until the court appointed a guardian more than two years later. Recognizing that, in theory, its holding could toll the statute indefinitely, the court found it more objectionable to allow the government to profit from its own wrong. 738 F.2d at 980
 
 
 [5]
 He claims an equal protection violation as well. Because he did not raise the issue below, however, we do not address it