19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin Allen JOHNSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35734.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Martin Allen Johnson appeals pro se the district court's summary judgment for the United States in his action brought under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671-80 ("FTCA"). We have jurisdiction under 28 U.S.C. Sec. 1291,[1] and we affirm.
 
 
 3
 The government's motion was one to dismiss or alternatively, for summary judgment. The district court granted summary judgment because it reviewed matters outside the pleadings. On a motion to dismiss for lack of subject matter jurisdiction, however, a district court may consider matters outside the pleadings without converting the motion into one for summary judgment under Fed.R.Civ.P. 56. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989). We, therefore, construe the district court's judgment as a dismissal under Fed.R.Civ.P. 12(b)(1), and review de novo. See Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 4
 The FTCA authorizes suits against the United States for money damages for injuries resulting from the negligent or wrongful acts of government employees acting within the scope of employment. See 28 U.S.C. Secs. 1346(b), 2674. Under 28 U.S.C. Sec. 2401(b), a tort claim against the United States must first be submitted to the federal agency employing the tortfeasor within two years after the claim accrues before a suit can be brought in federal court. The requirements of section 2401(b) are jurisdictional. Landreth v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, 488 U.S. 1042 (1989). "The date on which a claim accrues is determined by federal law." Id. " '[U]nder the FTCA, a claim accrues when the plaintiff knows of his injury and its cause.' " Gibson v. United States, 781 F.2d 1334, 1344 (9th Cir.1986) (quoting Washington v. United States, 769 F.2d 1436, 1438 (9th Cir.1985)).
 
 
 5
 In his complaint, Johnson sought damages from the government based on the allegation that his due process rights were violated when he lost fifteen days of credit for good behavior as a result of a Washington Department of Corrections disciplinary proceeding.[2] The disciplinary proceeding took place on November 10, 1988. Johnson, however, did not file his FTCA claim with the Bureau of Prisons until September 9, 1991. Johnson argues that the claim did not accrue until September 1990 when he discovered that the fifteen hours of good time credit he lost as a result of the November 1988 hearing was not deducted from his record until July 1990 because of a record-keeping error. We disagree.
 
 
 6
 Johnson's alleged injuries are based on the results of the November 10, 1988 hearing, not on the record-keeping error or its adjustment. Our review of the record indicates that Johnson acknowledged receipt of an infraction report on November 8, 1988, had a disciplinary hearing on November 10, 1988, and was informed by a memorandum dated November 18, 1988 that his appeal of the disciplinary proceeding was denied. Johnson, therefore, was aware of his alleged injury and its cause in November 1988. See Gibson, 781 F.2d at 1344. Because Johnson's FTCA claim was filed more than two years after his November 10, 1988 hearing, Johnson's claim was untimely, and the district court lacked subject matter jurisdiction over his FTCA action. See 28 U.S.C. Sec. 2401(b); Landreth, 850 F.2d at 533.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In response to the district court's July 26, 1993 order granting the government's motion for summary judgment, Johnson prematurely filed his notice of appeal on August 3, 1993. Nevertheless, the district court's entry of judgment on August 13, 1993 cured Johnson's premature appeal because the appeal was taken from an order reasonably believed to be final. See Firstier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991); Fed.R.App.P. 4(a)(2)
 
 
 [2]
 Johnson was housed in a Washington state correctional facility pursuant to an agreement between Washington state and the Bureau of Prisons