**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

ANTHONY K. BOOTH, in his own right and on behalf of all statutory beneficiaries,

*Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

</td>
<td>

No. 16-17084

D.C. No. 2:11-cv-00901-SPL

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Filed January 31, 2019

Before:  Mary M. Schroeder and Marsha S. Berzon,[*] Circuit Judges, and Sara Lee Ellis,[**] District Judge.

Opinion by Judge Sara L. Ellis

_____

**SUMMARY**[***]

_____

### Federal Tort Claims Act

The panel affirmed the district court's summary judgment in favor of the United States in a Federal Tort Claims Act ("FTCA") action alleging that a United States agency negligently caused plaintiff's father's death while plaintiff was a minor.

The district court found that the claims were time-barred because the minor's representative submitted them too late. The minor argued on appeal that his minority should have operated to toll the statute of limitations on his claims.

The panel held that there is no minority tolling of the FTCA's statute of limitations. The panel further held that the Supreme Court's decision in *United States v. Wong*, 135

_____

[*] This case was submitted to a panel that included Judge Kozinski, who retired. Following Judge Kozinski's retirement, Judge Berzon was drawn by lot to replace him.  Ninth Circuit General Order 3.2.h. Judge Berzon has read the briefs and reviewed the record.

[**] The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

S. Ct. 1625 (2015), did not suggest, let alone hold, that minority tolling applied to the FTCA. The panel also held that minority alone does not merit equitable tolling of the FTCA's statute of limitations. Accordingly, the panel affirmed the district court's judgment in favor of the government.

## COUNSEL

John P. Leader (argued), The Leader Law Firm, Tucson, Arizona, for Plaintiff-Appellant.

Ann E. Harwood (argued), Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth A. Strange, Acting United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Defendant-Appellee.

## OPINION

ELLIS, District Judge:

Plaintiff-Appellant Anthony K. Booth claims that a United States agency negligently caused his father's death while Booth was a minor. Because Booth was a minor, his mother, acting as his representative, sued the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. The district court found that the claims were time-barred because Booth's representative submitted them too late. Booth appeals, arguing that minority should operate to toll the statute of limitations on his claims. Because we conclude that prior decisions holding that there is no minority tolling for the FTCA's

statute of limitations remain binding, and conclude that minority tolling is a separate statutory matter from equitable tolling, we affirm the district court's decision.

## I.   Procedural and Factual Background

Booth's father, also named Anthony Booth, died in a car accident on an Arizona highway on February 19, 2005. The younger Booth was weeks from his tenth birthday when he lost his father.

Booth's mother, Marlene June, timely filed an Administrative Form 95 with the Federal Highway Administration ("FHWA"), and on May 5, 2011, filed suit against the United States in federal court in Arizona, on behalf of Booth and other statutory beneficiaries (the late Anthony Booth's mother, daughters, and other son), alleging that a highway barrier that failed during the highway accident was not tested and approved in accord with FHWA rules.[1]   Booth was fifteen years old when June filed the administrative claim and sixteen years old at the time she filed the lawsuit.

The FTCA requires administrative exhaustion and sets time limits for both exhaustion and the filing of a lawsuit. "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and

---

[1] Booth later substituted in as named plaintiff when he turned 18, hence the title of this appeal. But for a good portion of the suit, June was the named plaintiff. We refer in this opinion to the appropriate named plaintiff for the pertinent time period under discussion.

his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Such a tort claim is also barred "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.*[2]

The Government moved to dismiss June's case, arguing that the FTCA's statute of limitations could not be tolled. The district court agreed, finding that the claim had accrued more than two years before June presented it to the federal agency and holding that, under Ninth Circuit precedent, the FTCA's statute of limitations is not subject to equitable tolling or tolling for minority of the injured party. June appealed.

While June's appeal was pending, an en banc panel of this Court was considering *Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) (en banc). *Wong* also involved tolling of the FTCA's statute of limitations. The plaintiff-appellant in *Wong* sought equitable tolling of the FTCA's statute of limitations for the time to file suit after bringing a claim to the administrative agency. *Id.* at 1034. We held that the FTCA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Id.* at 1047, *overruling Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009).

---

[2] We refer to the two-year and six-month statute of limitations collectively in this opinion as the FTCA's statute of limitations.

After *Wong*, the panel hearing June's initial appeal issued a memorandum disposition that reversed the district court's decision granting the Government's motion to dismiss June's lawsuit and remanded the issue of equitable tolling to the district court. *June v. United States*, 550 F. App'x 505 (9th Cir. 2013) (unpublished decision). The Government then sought certiorari for both that decision and *Wong*.

The Supreme Court took both cases, addressing and affirming them both and ruling that the FTCA's statute of limitations (both the two-year time limit after accrual for presenting claims to the administrative agency and the six-month time limit for suit after denial of a claim by an agency) is not jurisdictional, but instead is subject to equitable tolling. *United States v. Wong* ("*Wong/June*"), — U.S. —, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015). The Supreme Court remanded June's case.

June's case resumed in district court. Booth, having reached the age of majority by this time, substituted in as named plaintiff. The Government then moved for summary judgment, arguing that Booth's claim was barred by the FTCA's statute of limitations because June, as Booth's representative, did not file a claim with the administrative agency until more than five years after Booth's father's car accident and there were no circumstances that called for equitable tolling. Booth cross-moved for summary judgment, arguing that the statute of limitations should be tolled because the nature of the Government's involvement in the car accident had been concealed, and because Booth had been a minor at the time of the accident, at the time June filed an administrative claim, and at the time June filed suit.

The district court granted the Government's motion for summary judgment. The district court held, as it had

determined before the appeal, that Booth's claim accrued on the day of his father's accident, February 19, 2005, and that Booth had submitted his claim to the FHWA more than two years later, through his mother June, on December 16, 2010. The district court concluded that Booth could not equitably toll the statute of limitations on concealment grounds and also that Booth had waived any argument that his age tolled the statute of limitations, as he had failed to raise the issue in the prior appeal.  Booth moved for reconsideration.  The district court denied the motion, and Booth timely appealed.

## II.  Standard of Review

The Court reviews the district court's grant of summary judgment *de novo*.  *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1005 (9th Cir. 2017).  We adopt the same standard used by the district court and "view the evidence in the light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact, and decide whether the district court correctly applied the relevant substantive law."  *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016).

## III.   Analysis

On appeal, Booth asserts that his status as a minor during most of these proceedings tolls the FTCA's statute of limitations—specifically that portion of the statute of limitations that requires a plaintiff to file a claim with the responsible agency within two years of the accrual of the

claim.**[3]**   28 U.S.C. § 2401(b).   No longer considered jurisdictional, the FTCA's statute of limitations can now be tolled, *Wong*, 732 F.3d at 1047, including for equitable considerations, *Wong/June*, 135 S. Ct. at 1633 ("The time limits in the FTCA are just time limits, nothing more.  Even though they govern litigation against the Government, a court can toll them on equitable grounds.").  Booth argues that minority tolling—the rule applicable in many circumstances that statutes of limitations are tolled during the minority of the would-be plaintiff—should be applicable under the FTCA.  He also maintains being a minor is sufficient for equitable tolling of the FTCA's statute of limitations.**[4]**

---

**[3]** Booth does not challenge on appeal the district court's decision that the government's alleged concealment does not justify equitable tolling.

In his briefing, Booth did not challenge the district court's determination that his claim accrued on the day of the accident. Because he raised the issue for the first time at argument, he has waived it. *See Harger v. Dep't of Labor*, 569 F.3d 898, 904 n.9 (9th Cir. 2009).

**[4]** We can dispose of two issues at the outset.  The first is the Government's argument that the district court properly found that Booth had waived the issue of minority tolling.  *Wong* and *Wong/June* changed the Ninth Circuit's previous rule precluding any tolling of the FTCA statute of limitations, so Booth could not have waived the question of how that change affects minority tolling.  *See Gallardo v. United States*, 755 F.3d 860, 865 (9th Cir. 2014) (equitable tolling issue not waived when not raised before *Wong*).  The second is Booth's argument that Arizona's minority tolling statute applies and tolls the FTCA's statute of limitations.  State rules on minority tolling do not apply.  "A court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable, but to federal law for the limitations of time within which the action must be brought." *Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir. 1981); *see also Santos ex rel.*

## A. The Rule Against Minority Tolling of the FTCA's Statute of Limitations Should Continue to Apply

Minority tolling statutes provide that if a cause of action accrues when a plaintiff is a child, the statute of limitations on that cause of action is suspended until the plaintiff attains the age of majority. The policy reason underlying such statutes, as enunciated by one state appellate court in this Circuit, is "[b]ecause a minor does not have the understanding or experience of an adult, and because a minor may not bring an action except through a guardian . . . special safeguards are required to protect the minor's right of action." *W. Shield Investigations & Sec. Consultants v. Superior Court*, 82 Cal. App. 4th 935, 947 (Ct. App. 2000) (quoting *L.C. Amie v. Superior Court*, 99 Cal. App. 3d 421, 426 (Ct. App. 1979)), *disapproved of on other grounds by Gatto v. County of Sonoma*, 98 Cal. App. 4th 744 (Ct. App. 2002). The states in this Circuit all have statutes providing for minority tolling for state-law tort claims. *See* Alaska Stat. § 09.10.140(a); Ariz. Rev. Stat. Ann. § 12-502; Cal. Civ. Proc. Code § 352(a); Haw. Rev. Stat. § 657-13; Idaho Code § 5-230; Mont. Code Ann. § 27-2-401(1); Nev. Rev. Stat. § 11.250; Or. Rev. Stat. § 12.160(1)–(2); Wash. Rev. Code § 4.16.190(1).

As the Fourth Circuit has recognized, "[t]he blackletter rule . . . is that a statute of limitations runs against all persons, even those under a disability, unless the statute expressly provides otherwise." *Vogel v. Linde*, 23 F.3d 78, 80 (4th Cir. 1994). The Supreme Court long ago recognized this rule as extending to minority tolling: "The exemptions from the operation of statutes of limitations, usually

*Baeato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) ("[S]tate-law tolling statutes do not apply to the FTCA's limitations period.").

accorded to infants . . . , do not rest upon any general doctrine of the law . . . but in every instance upon express language in those statutes giving them time, after majority . . . to assert their rights." *Vance v. Vance*, 108 U.S. 514, 521, 2 S. Ct. 854, 27 L. Ed. 808 (1883); *see also United States v. Alvarez*, 710 F.3d 565, 568 n.10 (5th Cir. 2013) ("The federal courts have consistently rejected requests to create tolling exceptions for minors, reasoning that in the absence of an express legislative directive to the contrary, parents and guardians are assumed to be adequate surrogates."). Federal courts have consistently applied *Vance*, following minority tolling for federal statutes of limitations only if the statute setting out the limitations period so specifies.[5] *See, e.g.*, *Alvarez*, 710 F.3d at 567; *Vogel*, 23 F.3d at 80.

Consistent with the *Vance* principle, we have never recognized minority tolling for the FTCA's statute of limitations. *See Papa v. United States*, 281 F.3d 1004, 1001 (9th Cir. 2002) ("The time limitation for FTCA claims is not tolled during a claimant's minority."); *Landreth ex rel. Ore v. United States*, 850 F.2d 532, 534 (9th Cir. 1988) ("The fact of minority does not toll the statute."); *Fernandez v. United States*, 673 F.2d 269, 271 (9th Cir. 1982) (noting that no minority tolling applies under the FTCA); *Mann v. United*

---

[5] Minority tolling may be available for federal causes of action that borrow the statute of limitations from state law such as § 1983, but only if the relevant state law also includes a minority tolling provision and that provision is not "inconsistent with the federal policy underlying the cause of action under consideration." *Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 485, 100 S. Ct. 1790, 64 L.Ed.2d 440 (1980); *see also Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 538 (6th Cir. 2010). As already noted, state tolling provisions do not apply to the FTCA's limitations period. *See Poindexter v. United States*, 647 F.2d at 36.

*States*, 399 F.2d 672, 673 (9th Cir. 1968) ("The [FTCA] time limitation is not tolled during a claimant's minority."); *Brown v. United States*, 353 F.2d 578, 579 (9th Cir. 1965) ("It is well established that minority does not toll the limitations period prescribed in the Federal Tort Claims Act."); *Pittman v. United States*, 341 F.2d 739, 740 (9th Cir. 1965) (refusing to toll the FTCA's statute of limitations for a minor); *United States v. Glenn*, 231 F.2d 884, 887 (9th Cir. 1956) (same).

Congress, if so minded, may establish exceptions for certain disabilities—including minority—and has done so in various federal statutes. *See, e.g.*, 18 U.S.C. § 2255(b)(2); 28 U.S.C. § 2501. By contrast, the FTCA began with a statute of limitations that was "without express qualification for legal disability," and each time Congress amended the limitation period, it did not add a tolling provision. *Glenn*, 231 F.2d at 886; *see also* 28 U.S.C. § 2401(b). Indeed, Congress considered proposed amendments providing for minority tolling of the FTCA's statute of limitations. *E.g.*, H.R. 3260, 3261, 101st Cong. (1989). But these proposed amendments have not become law. Had Congress wanted to include minority tolling in the FTCA's statute of limitations, it could have done so.

Booth asks that we ignore the prior FTCA case law rejecting minority tolling here, arguing that *Wong/June* requires that we abandon sixty years of precedent. *Wong/June* says nothing to indicate that our past decisions on this discrete issue are incorrect. The Supreme Court was silent on minority tolling. And we have grounded our rule against minority tolling in part on considerations independent of whether the FTCA's statute of limitations is jurisdictional. Our case law emphasizes that Congress does not appear to have intended to expand that waiver of

immunity for the entire time an injured party is a minor. *See Pittman*, 341 F.2d at 741 ("We do not believe that the Congress could have intended that infants have up to 21 years for a statute of limitations."). Under these cases, the parent or guardian holds a legal duty to take action on behalf of the minor child. *Landreth*, 850 F.2d at 534. The parent's knowledge of the injury and its cause is imputed to the minor, leaving the parent responsible for initiation of suit in a timely manner. *Id.* These considerations have no relation to whether the statute of limitations is jurisdictional.[6] In short, the Supreme Court's decision in *Wong/June* does not suggest, let alone hold, that minority tolling applies to the FTCA.

As Booth recognizes, the statute of limitations for non-tort claims brought against the United States, which is also found under § 2401, does contain a tolling provision. *See* 28 U.S.C. § 2401(a) ("Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases."). Although, on its face, the second sentence of subsection (a) is generic, we held in *Glenn* that it is not. *See* 231 F.2d at 886. *Glenn* noted that, although both § 2401(a) and § 2401(b) are now contained in the same statute, they did not begin that way. *See id.* Based

---

[6] Our sister circuits would appear to agree. The Third and Eight Circuits recognized before *Wong/June* that the FTCA's statute of limitations was not jurisdictional. *See Santos*, 559 F.3d at 197; *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991). At the same time, these circuits held that minority tolling of the FTCA's statute of limitations was not available. *Santos*, 559 F.3d at 197; *Wilson ex rel. Wilson v. Gunn*, 403 F.3d 524, 526 (8th Cir. 2005).

on the legislative history of § 2401 and the sources of subsections (a) and (b), *Glenn* concluded that Congress did not intend "that the sentence in [§ 2401(a)] qualified the limitation on tort claims set forth in [§ 2401(b)]." *Id.*

Booth asks us to overrule *Glenn*. Putting aside that Booth raised this argument for the first time at oral argument, thus waiving it, we may not overrule *Glenn*, as there is no Supreme Court or en banc case inconsistent with it. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Moreover, applying subsection (a)'s tolling provision to claims covered by subsection (b) would create an anomaly. Under that interpretation, a formerly disabled plaintiff would have three years to file an action after the disability ceases, notwithstanding subsection (b)'s requirement that such claims be filed with the agency within two years after the claim accrues. *Compare* 28 U.S.C. § 2401(a) ("The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within *three years* after the disability ceases." (emphasis added)), *with id.* § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues . . . ." (emphasis added)). We can think of no reason Congress would have devised such a scheme.

We therefore reject Booth's argument that the tolling provision in subsection (a) should apply to claims covered by subsection (b).

**B. Tolling for Minority Status Alone Is a Statutory Matter Separate from Equitable Tolling**

Separate and distinct from the statutory concept of minority tolling is equitable tolling. "[A] court may pause the running of a limitations statute . . . when a party 'has pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." *Wong/June*, 135 S. Ct. at 1631 (quoting *Lozano v. Montoya Alvarez*, — U.S. —, 134 S. Ct. 1224, 1231–32, 188 L. Ed. 2d 200 (2014)). This is the concept of equitable tolling. "In applying equitable tolling, courts 'follow a tradition in which courts of equity have sought to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which, if strictly applied, threaten the evils of archaic rigidity." *Wong*, 732 F.3d at 1052 (quoting *Holland v. Florida*, 560 U.S. 631, 650, 130 S. Ct. 2563, 177 L. Ed. 2d 130 (2010)).

To obtain equitable tolling a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* (citation omitted). The first element requires "the effort that a reasonable person might be expected to deliver under his or her particular circumstances," *id.* (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)), and asks whether the plaintiff was "'without any fault' in pursuing his claim," *id.* (quoting *FEC v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996)). The second element requires the litigant to "show that extraordinary circumstances were the cause of his untimeliness and . . . made it impossible to file the document on time." *Id.* (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). "Whether a particular untimely claim may be excused for a particular reason varies with the reason." *Id.* at 1051.

As noted above, suspending a limitations period during minority has been available not as a result of equitable tolling but only where a statute expressly so provides. *See Vance*, 108 U.S. at 521. *Particular* circumstances connected to one's age could support equitable tolling. For example, there may be cause for equitable tolling if a minor is abandoned by his parents and/or guardians and so left unprotected. *Cf. Zavala ex rel. Ruiz v. United States*, 876 F.2d 780, 784 (9th Cir. 1989) ("He does not persuade us that the alleged abandonment left him unprotected . . . ."). Likewise, some states have recognized that equitable tolling may be appropriate where a minor is "a ward of the state without a next friend or guardian of his estate" or "has a guardian of his person with interests possibly adverse to his own," *Caron v. Adams*, 638 A.2d 1073, 1079 (Conn. App. Ct. 1994), or where the cause of action is not reasonably knowable by the plaintiff or her parents because of her minority, *see Wimberly v. Gatch*, 635 So. 2d 206, 217 (La. 1994).

Still, minority alone is not the type of exceptional circumstance described above. In multiple cases involving minors with FTCA claims, this Court has considered whether minority tolling applies (and held that it does not), and then separately considered whether equitable tolling applies and concluded that there was not a sufficient basis for equitable tolling. *See Papa*, 281 F.3d at 1011; *Zavala*, 876 F.2d at 784. In so ruling in *Zavala*, this Court noted that the minor had "a parent who had *both* the duty to bring a claim and the knowledge necessary to pursue it." 876 F.2d at 784. Booth has shown no evidence to indicate that this was not the case here as well, or to indicate any extraordinary circumstances outside of the mere fact of his minority.

Accordingly, we hold that there is no minority tolling of the FTCA's statute of limitations and that minority alone does not merit equitable tolling of the FTCA's statute of limitations. The district court's grant of summary judgment to the United States is **AFFIRMED**.