**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD OLANGO ABUKA, an
individual,

          Plaintiff-Appellant,

 and

H. C., a minor, individually and as
Successor in Interest to Alfred Okwera
Olango, deceased, by and through her
Guardian Ad Litem, Celanese Small; et al.,

          Plaintiffs,

 v.

THE CITY OF EL CAJON, a municipal
entity; RICHARD GONSALVES,

          Defendants-Appellees.

No.   19-55335

D.C. Nos.
3:17-cv-00089-BAS-NLS
3:17-cv-00347-BAS-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted May 4, 2020[]
Pasadena, California

Before:  GOULD and CHRISTEN, Circuit Judges, and STEIN,[***] District Judge.

Richard Abuka appeals the district court's order granting the City of El Cajon and police officer Richard Gonsalves's motion for summary judgment in a § 1983 action arising from the fatal shooting of Abuka's son.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We review de novo the district court's order granting summary judgment. *Booth v. United States*, 914 F.3d 1199, 1203 (9th Cir. 2019).

Abuka contends that the district court erred by applying the wrong standard of culpability when assessing whether Gonsalves violated his Fourteenth Amendment substantive due process right to familial association.  A police officer's conduct "shocks the conscience," and therefore violates substantive due process, if the officer acts with either: (1) deliberate indifference; or (2) a purpose to harm unrelated to legitimate law enforcement objectives.  *S.R. Nehad v.*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

[1]  Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

*Browder*, 929 F.3d 1125, 1139 (9th Cir. 2019). The deliberate indifference standard applies if it was practical under the circumstances for the officer to engage in actual deliberation. *Nicholson v. City of Los Angeles*, 935 F.3d 685, 692–93 (9th Cir. 2019). But if the officer made "a snap judgment because of an escalating situation," the officer's conduct shocks the conscience only if it was undertaken "with a purpose to harm unrelated to legitimate law enforcement objectives." *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013).

Here, the district court applied the purpose-to-harm standard because it concluded that Gonsalves made a snap decision in an escalating situation. Abuka does not directly challenge the court's conclusion that Gonsalves was in an escalating situation, but instead argues that the court failed to account for Gonsalves's role in creating that situation. Abuka contends that the court should have applied the deliberate-indifference standard because Gonsalves's conduct "unreasonably created the need to use . . . force." But we have previously applied the purpose-to-harm standard even where the officer helped create the confrontation or committed tactical mistakes. *See Porter v. Osborn*, 546 F.3d 1131, 1133 (9th Cir. 2008); *Nehad*, 929 F.3d at 1135, 1139. Abuka points to cases that suggest those facts might be relevant to the Fourth Amendment excessive force analysis, *see Nehad*, 929 F.3d at 1135, and we have also said those facts

might show that an officer acted with a purpose to harm in the Fourteenth Amendment context, *see Porter*, 546 F.3d at 1140, but those cases do not establish that the Fourteenth Amendment standard changes to deliberate indifference if the officer helped create the escalating situation. We conclude that the district court did not err by applying the purpose-to-harm standard.

Abuka makes no claim that Gonsalves acted with a purpose to harm unrelated to the legitimate law enforcement objective of defending himself, arguing only that the district court should have applied the deliberate-indifference standard. *See Hayes*, 736 F.3d at 1230–31. Accordingly, we affirm the district court's order granting summary judgment to defendants on Abuka's Fourteenth Amendment claim.

**AFFIRMED.**